IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASPIRA, INC. OF PENNSYLVANIA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-4415 |
| | : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA | : : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                              **January 21, 2020**

Plaintiff Aspira, Inc. of Pennsylvania brings this action against Defendant The School District of Philadelphia alleging breach of contract, and procedural and substantive due process claims. The claims arise from Aspira's appointment as a "Turnaround Team" and management company for two charter schools in the district and the School District's conduct and treatment of Aspira in seeking nonrenewal of those charters. The School District moves to dismiss the Amended Complaint alleging (1) Aspira lacks standing, (2) Aspira has failed to state a claim, and (3) Aspira has failed to join indispensable parties, i.e., the charter schools. Because Aspira has standing, Aspira has sufficiently stated a claim for breach of contract and procedural due process, and the charter schools are not indispensable parties, the Court will deny in part the motion. Nonetheless, because Aspira has failed to state a claim for substantive due process, the Court will grant in part the motion and dismiss that claim with prejudice.

**BACKGROUND[1]**

Aspira manages four charter schools in the School District. For two of the schools, and as part of the School District's "Renaissance Schools Initiative," Aspira was appointed as a Turnaround Team. Over several years, Aspira placed the schools on a positive trajectory. In 2014

---

[1] The following facts are taken as true from Aspira's Amended Complaint, whose "well-pleaded factual allegations" the Court must accept as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

and 2015, however, the School District began nonrenewal proceedings against the two schools. Although the School District initiated the nonrenewal proceedings, it willfully delayed issuing a final decision of nonrenewal to avoid having its decision reviewed by the Charter Appeals Board. The schools' renewals have been pending for several years. Further, despite Aspira's interest as a management company in the having the charter schools renewed, the School District failed to provide Aspira with notice of the nonrenewal proceedings and excluded Aspira from participating therein.

Due to Aspira's exclusion and the School District's unwarranted delay, Aspira alleges the School District breached the Turnaround Team contract or the charters by seeking nonrenewal of the charter schools in bad faith and alleges the School District deprived Aspira of due process under the Fourteenth Amendment. After removing the case to this Court, the School District now moves to dismiss the Amended Complaint because it alleges Aspira lacks standing, failed to state a claim, and failed to join indispensable parties, specifically the charter schools.

**DISCUSSION**

First, Aspira has standing to bring its claims. To establish Article III standing, a party must establish (1) injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) it is likely to be redressed by a favorable judicial decision. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). When a court assesses standing based on the allegations in a complaint, the court applies the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Finkelman v. Nat'l Football League*, 810 F.3d 187, 194 (3d Cir. 2016) ("[T]o survive a motion to dismiss for lack of standing, a plaintiff 'must allege facts that affirmatively and plausibly suggest that it has standing to sue.'" (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011))).

Aspira alleges it suffered financial losses due to the School District's conduct of delaying the renewals of their charters in bad faith. Due to the School District's delays, Aspira alleges it is placed in "limbo" and as a nonprofit entity operating on grants and lending, such uncertainty leads to higher interest rates and smaller financial commitments. *See Aetna Inc. v. Inisys Therapeutics, Inc.*, 330 F.R.D. 427, 430–31 (E.D. Pa. 2019) (holding plaintiff sufficiently established injury-in-fact with alleged damages based upon "basic economic logic, such as price inflation" (citing *Finkelman*, 810 F.3d at 201)). The causal connection between the School District's delays and Aspira's alleged financial injury is plausible in light of the predictable effect of nonrenewal on the ability of a management company to obtain grants and loans. *See Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2566 (2019) ("Article III requires no more than de facto causality." (internal citations omitted)). Finally, Aspira has alleged redressability by seeking relief in several ways including a declaration (1) requiring the School District provide it with formal notice and participation in the renewal or nonrenewal of its charter schools; (2) providing Aspira with a right to intervene in nonrenewal proceedings; and (3) requiring the School District to implement adequate procedures to protect the property and liberty interests of Aspira. Also, Aspira requests damages for its losses due to the School District's breach of contract and conduct in placing Aspira in "limbo." *See Hassan v. City of New York*, 804 F.3d 277, 293–94 (3d Cir. 2015) (holding redressability is satisfied when plaintiff had several available remedies including damages for past harm or an order enjoining defendant from engaging in harmful conduct).

Next, Aspira has stated a claim for breach of contract. A breach of contract action requires (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) damages. *See Burton v. Teleflex Inc.*, 707 F.3d 417, 431 (3d Cir. 2013) (citing *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 896 (Pa. Super. Ct. 2011)). Aspira alleges its

3

exchange with the School District during the request for proposals (RFP) process and its appointment as a Turnaround Team created a contract. Aspira attached to its Amended Complaint the documents that were exchanged in the RFP process, which were incorporated into the charter as the culminating document. Although the School District contends Aspira is not a party to the charters, because Aspira has alleged it was the party to the RFP documents (the charter schools did not yet exist), Aspira has sufficiently alleged that a contract exists. As for breach, Aspira alleges the School District breached the duty of good faith and fair dealing by wrongfully denying its status as a Turnaround Team, willfully delaying the renewals or nonrenewals of the charters, and refusing Aspira the opportunity to intervene in proceedings relating to the charters. Aspira also alleged there are specific terms in the charters and other documents that required the School District to send formal notices to Aspira's CEO, which the School District failed to do. Finally, Aspira alleged it has suffered damages due to the School District's alleged breaches. As a result, Aspira has stated a claim for breach of contract. *See Perloff v. Transamerica Life Ins. Co.*, 393 F. Supp. 3d 404, 409 (E.D. Pa. 2019) (denying motion to dismiss where plaintiff alleged three elements of breach of contract).

Aspira has also sufficiently stated a procedural due process claim. Initially, Aspira has pled a protectable property interest. The Third Circuit has recognized that the Fourteenth Amendment covers contracts that provide that the contracting state entity can only terminate the contract for cause. *See Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392, 1397 (3d Cir. 1991). In this case, documents from the RFP process state, in at least two different provisions, that the contracts with the School District could only be revoked or not renewed for *material violations*. *See* Pl.'s Ex. A–C. Due to this language, Aspira had a protectable property interest in its contracts with the School District. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538–39 (1985)

4

(stating employees were entitled to retain positions because statute provided they could only be dismissed for "misfeasance," sufficiently alleging a protected property right). Further, Aspira has sufficiently alleged a liberty interest under a "stigma-plus" theory. Aspira alleges in addition to losing its contracts, the School District defamed Aspira and tarnished its reputation in the process. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 237–38 (3d Cir. 2006) (holding plaintiff sufficiently alleged a liberty interest where plaintiff was defamed in connection with his termination).

With a protectable interest, Aspira has alleged the School District failed to provide it with procedural due process. A deprivation of property should "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *See id.* at 542 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)). The "root requirement" is a pre-deprivation hearing, but typically adequate process is determined by a balancing of factors. *See id.* at 542–43. In this case, the Court need not balance the relevant factors because Aspira has alleged the School District neither provided Aspira with any formal notice nor provided Aspira with its own hearing, or the ability to participate in the nonrenewal proceedings of the charters. *See Hill*, 455 F.3d at 234–39 (holding plaintiff sufficiently alleged procedural due process claim by alleging liberty interest and that he was not given the process he was due, i.e. a name-clearing hearing). Therefore, Aspira has stated a procedural due process claim.

Aspira, however, has failed to state a substantive due process claim. To state a claim for violation of substantive due process, a plaintiff must have "a protected property interest to which the Fourteenth Amendment's due process protection applies." *Id.* at 234 n.12. A property interest must be a "particular quality," that is "fundamental" under the Constitution, and is not determined by reference to state law. *See Newark Cab Assoc. v. City of Newark*, 901 F.3d 146, 155 (3d Cir.

2018). The rights Aspira alleges arise from the contracts with the School District and are thus state-created rights. Aspira has not alleged that it has any right that is derived from the Constitution. As a result, Aspira has failed to state a claim for substantive due process and the Court dismisses this claim with prejudice. *See Steele v. Cicchi*, 855 F.3d 494, 501 (3d Cir. 2017) (stating substantive due process claims do not arise out of state-created interests and must be "deeply rooted notions of fundamental personal interests derived from the Constitution").

Finally, the charter schools are not necessary parties, let alone indispensable parties, to this litigation. Pursuant to Federal Rule of Civil Procedure 19(a), a party is necessary if (1) without the party, the court cannot accord complete relief amongst the existing parties, or (2) the party claims an interest relating to the subject of the action and a judgment would impede the party's rights or subject an existing party to different or multiple obligations. The School District has presented no argument as to how complete relief cannot be afforded to Aspira without the schools' joinder. Aspira seeks damages as a result of the School District's breach of the relevant contracts. As the School District repeatedly contends, Aspira and the schools are entirely different entities. As a result, the schools do not have any interest to any contracts arising from the RFP process or Aspira's appointment as a Turnaround Team. At the time of those contracts, the charter schools did not yet exist. As for the procedural due process claim, Aspira seeks a declaration requiring the School District to provide Aspira with adequate process. The schools have had their notice and due process and the Court can afford Aspira relief including its own process or name-clearing hearing without the schools' joinder. Therefore, the Court can grant the parties complete relief without joining the charter schools. *See Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996) ("Completeness is determined on the basis of those persons who are already parties, and not between a party and the absent person who joinder is sought.").

Although the School District also contends it will be subject to inconsistent and multiple obligations, the Court disagrees. The individual schools may, and have, appealed the School District's nonrenewal decisions to the Charter Appeals Board. The appeal will determine the substantive decision of the School District to not renew the charter schools. This case, however, only challenges the School District's conduct as to Aspira during the nonrenewal proceedings. The substantive decision to not renew the charter schools and the treatment of Aspira, i.e. providing it notice and opportunity to be heard and complying with terms of contracts in good faith, are different issues, which would not subject the School District to inconsistent obligations. Even if the decision to not renew the schools is affirmed, the issue of whether Aspira should have been afforded a name-clearing hearing or other process before *its* contracts were terminated, will not affect the School District's obligations to the individual charter schools. Because complete relief can be granted and the individual schools are separate entities who do not claim an interest in Aspira's contracts with the School District or Aspira's due process rights, the charter schools are not necessary parties. *See Hall v. Nat'l Serv. Indus., Inc.*, 172 F.R.D. 157, 160 (E.D. Pa. 1997) (concluding nonparty was not necessary because complete relief could be afforded, and nonparty did not claim any right in the present case).

**CONCLUSION**

In sum, Aspira has standing to bring its claims, and has sufficiently stated breach of contract and procedural due process claims. The Court therefore denies the School District's motion on these grounds. Because Aspira has failed to state a claim for a violation of substantive due process, however, the Court grants the School District's motion and dismisses the claim in Count II. Finally, because the charter schools are not necessary or indispensable parties, the Court denies the School District's motion to dismiss for failure to join them.

An appropriate order follows.

BY THE COURT:


 /s / Juan R. Sanchez  
Juan R. Sánchez, C.J.