**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASPIRA, INC. OF PENNSYLVANIA, | : | CIVIL ACTION |
| | : | |
| *Plaintiff,* | : | No. 2:19-CV-04415-JS |
| v. | : | |
| | : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA, | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

<u>**ANSWER TO THE FIRST AMENDED COMPLAINT
BY DEFENDANT, THE SCHOOL DISTRICT OF PHILADELPHIA**</u>

Defendant, The School District of Philadelphia (the "District"), by and through its undersigned counsel, hereby answers ASPIRA, Inc. of Pennsylvania's First Amended Complaint (the "Complaint") filed by ASPIRA, Inc. of Pennsylvania ("Aspira" or "Plaintiff"). Answering the paragraphs of the Complaint, the District avers as follows:

**I.      Introduction**

1.      Denied as stated. The District admits that Aspira manages four brick and mortar charter schools in the City of Philadelphia—John B. Stetson Charter School ("Stetson"), Olney Charter High School ("Olney"), Eugenio Maria de Hostos Charter School ("Hostos"), and Antonia Pantoja Charter School ("Pantoja") (together, Stetson, Olney, Hostos, and Pantoja will be referred to as the "Aspira-Managed Charters"). The District lacks sufficient knowledge to form a belief as to the truth of the averment that Aspira is the largest Latino-run management charter organization in Pennsylvania. Accordingly, that averment is denied. The remaining averments of this paragraph constitute opinion to which no response is required. To the extent that the averments are deemed

factual or to require responses, the averments are denied. By way of further response, whether or not Aspira is a "success" is a matter of opinion.

2.      Denied as stated. The School Reform Commission ("SRC") granted charters to Stetson and Olney in 2010 and 2011, respectively, under the District's Renaissance Schools Initiative. The District solicited, through a request for qualifications ("RFQ"), entities to submit proposals in a request for proposal ("RFP") process for the selection of "Turnaround Teams" for designated "Renaissance" eligible District schools. Aspira was prequalified to assist proposed charter schools in responding to requests for proposals ("RFP") to run certain Renaissance Schools after responding to same. The related averments in the paragraph are thus denied as stated. The remaining averments of this paragraph constitute opinion or argument to which no responses are required. To the extent the averments are deemed factual or to require responses, they are denied.

3.      Denied. The averments of this paragraph constitute opinion or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, the averments are denied.

4.      Denied. The averments of this paragraph constitute opinion or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, the averments are denied.

5.      Denied. The District denies that it is "conflicted in making" charter school decisions due to an effort to "compete" with charter schools for students. If a charter school closes, or if a student leaves a charter school, that does not necessarily result in increased funding to the District. The remaining averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

2

6.      Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

7.      Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

8.      Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

9.      Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, if a school district does not act on the renewal of a charter school, that charter may continue to operate under the terms of its last signed charter.  A charter cannot be closed by a school district without the school district affording the charter school  the due process required under Section 1729-A of the Charter School Law ("CSL"), 24 P.S. §§ 17-1701-A, *et seq.*

10.      Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District denies that it has or had any "ulterior motives adverse to Aspira that have little to do with the performance of [Aspira-Managed] schools."

11.      Denied as stated. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or

to require responses, they are denied. By way of further response, the District has not "unlawfully delayed the renewal applications for [Aspira-managed schools.]" It is admitted only that renewal applications were submitted by Olney, Stetson, Hostos and Pantoja.

12.     Denied. The charter schools remained and remain in operation pursuant to the CSL. As for the allegations unrelated to that fact, the District lacks sufficient knowledge to form a belief as to the truth of the averments, and they are therefore denied.

13.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. It is admitted that the Board of Education voted to not renew Stetson and Olney's charters on October 17, 2019.

14.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

15.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District has at all times acted in accordance with the CSL and has not violated any of the purported rights of Aspira or the Aspira-Managed Charters.

16.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District has at all times acted in accordance with the CSL and has not violated any of the purported rights of Aspira or the Aspira-Managed Charters.

17.     Denied. The averments of this paragraph constitute legal conclusions, argument, or requests for relief, to which no responses are required. To the extent that the averments are deemed factual or to require responses or to require responses, they are denied. By way of further response, the District has at all times acted in accordance with the CSL and has not violated any of the purported rights of Aspira or the Aspira-Managed Charters.

## II.     The Parties

18.     Denied. The District lacks sufficient knowledge to form a belief as to the truth of the averments of this paragraph. Accordingly, the averments are denied.

19.     Denied. The District lacks sufficient knowledge to form a belief as to the truth of the averments of this paragraph. Accordingly, the averments are denied.

20.     Admitted, upon information and belief.

21.     Denied. The District lacks sufficient knowledge to form a belief as to the truth of the averments of this paragraph. Accordingly, those averments are denied.

22.     Denied. The District lacks sufficient knowledge to form a belief as to the truth of the averments of this paragraph. Accordingly, the averments are denied.

23.     Denied as stated. It is admitted that Aspira manages schools in those neighborhoods and that those neighborhood experience socioeconomic issues such as crime.

24.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

25.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

26.     Denied as stated. The District's obligations are outlined by laws that speak for themselves.

27.     Admitted.

28.     Admitted.

29.     Denied as stated.  It is admitted that the SRC was authorized to grant charters and enter into charter agreements in accordance with the CSL.

30.     Admitted.

31.     Admitted.

32.     Admitted.

33.     Denied. The District reserves its rights to contest attempted amendments to the Amended Complaint.

**III.     Jurisdiction and Venue**

34.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

35.     Admitted.

36.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

**IV.     Factual Background**

37.     Denied as stated.  Resolution No. SRC-36, approved on January 20, 2010, is a document that speaks for itself. Aspira's characterizations of that document are denied.

38.     Denied as stated.  The documents speak for themselves. Aspira's characterizations of that document are denied.

39.     Admitted.

40.     Denied in part and denied as stated in part. The District denies the characterization that the quoted passage is a description of Renaissance Schools. RFP-260 is a written document that speaks for itself. Aspira's characterizations of that document are denied.

41.     Denied as stated. Aspira's characterizations of RFP-260—a written document that speaks for itself—are denied as stated.

42.     Denied as stated. The District required prequalification under RFQ 43 for the ability to respond to RFP- 260.

43.     Admitted that the District's website contains those statements.

44.     Denied as stated. The District required prequalification under RFQ 43 for the ability to respond to RFP- 260.

45.     Denied as stated. Aspira's characterizations of RFP-260—a written document that speaks for itself—are denied as stated.

46.     Denied as stated. Aspira's characterizations of RFP-260—a written document that speaks for itself—are denied as stated.

47.     Admitted.

48.     Denied. The averments of this paragraph constitute legal conclusions, argument, or opinion to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

49.     Denied as stated.  The District named Aspira to be a Turnaround Team after receiving its response to RFP-260.

50.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District's selection of Aspira as a Turnaround Team did not create a binding enforceable contract between Aspira and the District.

51.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, Aspira's characterizations of RFP-260 are denied as stated.

52.     Denied as stated.  The District designated John B. Stetson Middle School as a Renaissance School.

53.     Denied as stated. Aspira's characterizations of Resolution No. SRC-26—a written document that speaks for itself—are denied as stated.

54.     Denied as stated. Aspira's characterizations of Resolution SRC-45—a written document that speaks for itself—are denied as stated.

55.     Admitted.

56.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District's selection of Aspira as a Turnaround Team for John B. Stetson Middle School did not create a binding enforceable contract between Aspira and the District.

57.     Denied as stated. Aspira's characterizations of the Stetson Charter—a written document that speaks for itself—are denied as stated.

58.     Admitted.

59.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the Stetson Charter is a written document that speaks for itself. Aspira's characterizations of the document in all subparts of paragraph 59 are denied as stated.

60.     Admitted.

61.     Admitted.

62.     Denied as stated. Aspira's characterizations of RFP-286 and RFP-260—written documents that speak for themselves—are denied as stated.

63.     Denied as stated. RFP-286 is a written document that speaks for itself. Aspira's characterizations of the document are denied as stated.

64.     Admitted.

65.     Denied. The averments of this paragraph constitute legal conclusions, argument, or opinion to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

66.     Denied as stated. The District selected Aspira to be a Turnaround Team after receiving Aspira's response to RFP-286.

67.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District's selection of Aspira as a Turnaround Team did not create a binding enforceable contract between Aspira and the District.

68.     Denied as stated. Resolution No. SRC-26 is a written document that speaks for itself. Aspira's characterizations of the document are denied as stated.

69.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District's selection of Aspira as a Turnaround Team for Olney East High School and Olney West High School did not create a binding enforceable contract between Aspira and the District.

70.     Denied as stated. The relevant resolution is Resolution SRC-48, approved on August 17, 2011. That resolution is a written document that speaks for itself. Aspira's characterizations of the document are denied as stated.

71.     Denied as stated. The Olney Charter is a written document that speaks for itself. Aspira's characterizations of the document are denied as stated.

72.     Admitted.

73.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the Olney Charter is a written document that speaks for itself. Aspira's characterizations of the document in all subparts of paragraph 73 are denied as stated.

74.     Admitted upon information and belief.

75.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

76.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

77.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

78.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, there was no binding enforceable contract between Aspira and the District through course of conduct, course of performance, or otherwise.

79.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

80.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

81.     Denied as stated.  It is admitted only that Aspira is and has been the management company for Stetson and Olney at all times relevant hereto.

82.     Denied. The averments of this paragraph constitute legal conclusions, argument, or opinion to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

83.     Denied as stated. To the extent this paragraph references a PDE document that is not identified, the document speaks for itself and Aspira's characterization of same is denied.

84.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require

responses, they are denied. The District relies on the hearing officer's post-hearing recommendations to the Board of Education.

85.     Denied. The District lacks sufficient knowledge to form a belief as to the truth of the averments of this paragraph because the term "safe" is vague and the District does not know how Aspira defines that term. By way of further response, the District does not know the data to which Aspira refers, because it cites none. The remaining averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. In addition, see the hearing officer's post-hearing recommendations to the Board of Education.

86.     Denied. According to the Safe Schools Reports published by PDE, the allegations regarding arrests are denied. The District lacks sufficient knowledge to form a belief as to the truth of the remaining averments, and they are therefore denied.

87.     Denied.  With respect to the attendance statistics, the District lacks sufficient information to form a belief as to the truth of the averments. Accordingly, they are denied.

88.     Denied as stated. To the extent that this paragraph refers to a document that is not identified, the document speaks for itself, and the District does not adopt the characterization of same and otherwise lacks sufficient knowledge to form a belief as to the truth of those averments without citations, and they are therefore denied.

89.     Denied. The averment that "Olney's student growth has been significant" constitutes opinion or argument to which no responses are required. To the extent that responses are required, the averment is denied. The District lacks sufficient knowledge to form a belief as to the truth of the averment that "Olney meets or surpasses state expectations" because it is not alleged what expectations are being met or surpassed. Accordingly, these averments are denied.

90.     Denied. The District lacks sufficient knowledge to form a belief as to the truth of the averments in this paragraph, because Aspira does not allege the statistics or data to which it refers, either with respect to itself or other schools. Accordingly, the allegations are denied.

91.     Denied. The District lacks sufficient knowledge to form a belief as to the truth of the averments in this paragraph, because Aspira does not allege the statistics or data to which it refers. Accordingly, the allegations are denied.

92.     Denied. The District lacks sufficient knowledge to form a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

93.     Denied as stated. To the extent that this paragraph refers to a document that is not identified, the document speaks for itself, and the District does not adopt the characterization of same and otherwise lacks sufficient knowledge to form a belief as to the truth of those averments without citations, and they are therefore denied.

94.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. To the extent that this paragraph refers to a document that is not identified, the document speaks for itself and the District does not adopt the characterization of same and otherwise lacks sufficient knowledge to form a belief as to the truth of those averments without citations, and they are therefore denied.

95.     Denied. The District lacks sufficient knowledge to form a belief as to the truth of the averments in this paragraph. Accordingly, the allegations are denied.

96.     Denied as stated. To the extent that this paragraph refers to a document that is not identified, the document speaks for itself and the District does not adopt the characterization of

same and otherwise lacks sufficient knowledge to form a belief as to the truth of those averments without citations, and they are therefore denied.

97.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. To the extent that this paragraph refers to a document that is not identified, the document speaks for itself and the District does not adopt the characterization of same and otherwise lacks sufficient knowledge to form a belief as to the truth of those averments without citations, and they are therefore denied.

98.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the School Progress Report to which Aspira refers is a written document that speaks for itself. Aspira's characterizations of the document are denied as stated.

99.     Denied. The District does not classify the situation between it and charter schools as a "competition" for enrollment or funding. The closing of a charter school or a student leaving a charter school does not necessarily result in increased funding to the District.

100.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

101.     Denied. The District does not classify the situation between it and charter schools as a "competition" for enrollment or funding. The closing of a charter school or a student leaving a charter school does not necessarily result in increased funding to the District.

102.    Denied as stated. The District respects the due process rights of those who are entitled to such rights under the law.

103.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

104.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

105.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

106.    Denied. The Board of Education is the authorizer of charter schools in Philadelphia.

107.    Denied as stated. The Board of Education decides whether a charter is renewed.

108.    Denied. The allegations constitute conclusions of law to which no responses are required.

109.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

110.    Admitted, and the practice of appointing hearing officers to conduct hearings on behalf of school boards is authorized by law and is a common practice throughout the Commonwealth.  The Board of Education ultimately makes the final decision. The hearing officer does not usurp the power or function of the Board of Education.

111.    Admitted in part and denied in part. The District denies that the hearings are necessarily outside of the presence of the Board. Board members may attend the hearings, and they review the transcripts, evidence, and recommendations before making final decisions on the matters presented.

112.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

113.    Denied.  The District is without sufficient information to know which "same private lawyers" are being referenced, and therefore the averment is denied. By way of further response, the hearing officer who presided over the Olney and Stetson nonrenewal proceedings has never represented the District in a nonrenewal proceeding for the District.

114.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

115.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

116.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

117.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

118.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

119.    Admitted in part and denied in part. The District admits that Stetson submitted a charter renewal application. The remaining allegations are denied.

120.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

121.    Admitted in part and denied as stated in part. The CSO issued a report about Stetson. That report is a written document that speaks for itself. Aspira's characterizations of the document are denied.

122.    Admitted in part and denied in part. Olney submitted a charter renewal application. The remaining allegations are denied.

123.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

124.    Admitted in part and denied as stated in part. The CSO issued reports about Stetson and Olney. Those reports are written documents that speaks for themselves. Aspira's characterizations of the documents are denied.

125.    Denied as stated. The Reports are written documents that speak for themselves, and Aspira's characterizations of the documents are denied as stated.

126.    Denied as stated. The Reports are written documents that speak for themselves, and Aspira's characterizations of the Report regarding Stetson are denied as stated.

127.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

128.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

129.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

130.    Denied. The averments of this paragraph (including those in each subpart) constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

131.    Denied as stated. The CSO issued the 2017 Reports. Those Reports are written documents that speak for themselves. Aspira's characterizations of those documents are denied as stated.

132.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

133.    Denied as stated. The 2016 and 2017 Reports are documents that speak for themselves. Aspira's characterizations of those documents are denied as stated.

134.    Denied in part and denied as stated in part. The 2017 Reports are documents that speak for themselves. Aspira's characterizations of those documents are denied as stated. The remaining allegations are denied.

135.    Denied in part and denied as stated in part. The 2017 Reports are documents that speak for themselves. Aspira's characterizations of those documents are denied as stated. The remaining allegations are denied. As for the subparts of the paragraph:

    a.   Denied. The District denies that it imposed financial challenges on Stetson and Olney during the charter periods.

        i.   Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

        ii.   Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

        iii.   Denied as stated. The Commonwealth Court's opinion and order are written documents that speak for themselves. Aspira's characterizations of those documents are denied as stated.

        iv.   Denied as stated. The Auditor General's report is a written document that speaks for itself. Aspira's characterizations of that document is denied as stated.

    b.   The 2017 Reports are documents that speak for themselves. Aspira's characterizations of the documents are denied as stated.

    c.   The 2017 Reports are documents that speak for themselves. Aspira's characterizations of the documents are denied as stated.

    d.   The 2017 Reports are documents that speak for themselves. Aspira's characterizations of the documents are denied as stated.

    e.  The 2017 Reports are documents that speak for themselves. Aspira's characterizations of the documents are denied as stated.

136.    Denied in part and denied as stated in part. The 2017 Reports are documents that speak for themselves. Aspira's characterizations of the documents are denied as stated. The remaining allegations are denied.

137.    Denied. The District lacks sufficient knowledge to form a belief as to the truth of the averments of this paragraph. Accordingly, they are denied. By way of further answer, it is denied that "revenue cuts" were "imposed by the District".

138.    Denied. The District lacks sufficient knowledge to form a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

139.    Denied. The District lacks sufficient knowledge to form a belief as to the truth of the remaining averments of this paragraph. Accordingly, they are denied.

140.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

141.    Admitted.

142.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

143.    Denied. The CSO presentations are a matter of record and documents, and they speak for themselves.

144.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

145.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District lacks sufficient knowledge to form a belief as to the truth of the averments of this paragraph. Accordingly, the averments are denied.

146.    Admitted in part and denied in part. The District admits that it was provided with the bylaws of Aspira, Stetson, and Olney, and that it received records from Stetson and Olney from time to time. The remaining allegations are denied.

147.    Denied. The CSO presentations are a matter of record and documents, and they speak for themselves.

148.    Denied. The CSO presentations are a matter of record and documents, and they speak for themselves.

149.    Denied as stated. The meeting minutes are documents that speak for themselves, and the characterization of those documents is denied.

150.    Denied. The meeting minutes are documents that speak for themselves, and the characterization of those documents is denied. The CSO did not mislead or confuse with respect to the PNC Debt. The District lacks sufficient knowledge to form a belief as to the truth of the remaining averments of this paragraph. Accordingly, they are denied.

151.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

152.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

153.     Denied. Aspira's counsel's written commentary was shared with SRC members.

154.     Denied.  The CSO's presentation and the hearing is a matter of record, and the record speaks for itself.  Aspira's characterization is denied.

155.     Denied as stated. The resolutions are written documents that speak for themselves. Aspira's characterizations of the documents are denied.

156.     Denied as stated. The nonrenewal process was commenced on December 14, 2017.

157.     Admitted.

158.     Denied. The Board did not "delay the process."

159.     Denied. The District denies that "extensive delays have continued under the Board's control"  and that it "unwarrantedly [] delayed and refused to make a final decision" on the Hostos and Pantoja charter renewal applications.

160.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

161.     Denied as stated. The appointment letter is a written document that speaks for itself. Aspira's characterizations of the document are denied as stated.

162.     Denied as stated.

163.    Denied as stated. The District denies that Garcia's representation of the District in other matters was "not disclosed at the time of Wilkerson's letter," as Garcia's work for the District is a matter of public record.

164.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.  By way of further answer, the District lacks sufficient knowledge to form a belief as to the truth of the averments in this paragraph pertaining to what Aspira is not aware of. Accordingly, they are denied.

165.    Denied. The District lacks sufficient knowledge to form a belief as to the truth of the averment that Aspira is not aware of whether the Board ratified or adopted the SRC's determination. Accordingly, this averment is denied. The remaining averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

166.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. The Charters speak for themselves, and any characterization by Aspira is denied.

167.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

168.    Admitted, and the postponement was at the request of Stetson and Olney which had obtained new counsel shortly before the originally scheduled start date for the hearings.

169.    Admitted in part and denied in part. Aspira petitioned to intervene in the nonrenewal proceedings. The remaining averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

170.    Denied as stated.  It is admitted that the hearing officer sent an email denying the petition to intervene.

171.    Admitted.

172.    Denied as stated. The hearing officer's decision is set forth in a written document that speaks for itself. Aspira's characterizations of that document are denied as stated.

173.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

174.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

175.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. The hearing officer's decision is set forth in a written document that speaks for itself. Aspira's characterizations of that document are denied as stated.

176.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. The hearing officer's decision is set forth in a written document that speaks for itself. Aspira's characterizations of that document are denied as stated.

177.    Admitted in part and denied as stated in part. The hearing occurred over 16 dates from March 12, 2019 through April 15, 2019. Aspira's counsel was not given an opportunity to present evidence or argument as a party to the hearing process. Aspira's counsel attended all hearing dates, however, and Aspira's counsel had the opportunity to confer with counsel for Stetson and Olney throughout the hearing process in order to present evidence favorable to Aspira. In addition, Aspira employees testified at the hearing.

178.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

179.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

180.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

181.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

182.    Denied in part and denied as stated in part. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. To the extent the averments characterize written documents (the notices of non-renewal and written findings of fact) those documents speak for themselves, and Aspira's characterizations of them are denied as stated.

183.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

184.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, while the resolutions mention Aspira, as management company for Stetson and Olney, the resolutions overwhelmingly focus on issues specific to Stetson and Olney. The resolutions speak for themselves, and Aspira's characterizations of them are denied as stated.

185.    (inclusive of all subparts) Denied as stated. The resolutions are written documents that speak for themselves. Aspira's characterizations of the documents are denied as stated.

186.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

187.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

188.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

189.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

190.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

191.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

192.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

193.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

194.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

195.    Denied. In particular, the District denies the implication that it was improper for the CSO to not submit updated reports for the nonrenewal proceedings.

196.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District did not consolidate the hearings.   Additionally, the hearing officer issued separate recommendations for Stetson and Olney, allowing the Board of Education to consider each charter separately. Furthermore, the

hearing transcripts are documents that speak for themselves, and the District denies any characterization of those documents by Aspira.

197.    Denied.

198.    Denied.

199.    Admitted in part and denied in part. Parties to the nonrenewal proceedings served post-hearing memoranda that speak for themselves. The remaining allegations are denied.

200.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

201.    Denied. The District is unaware that "ASPIRA continues to attempt to amicably resolve its disputes with the District." Those allegations—and all allegations in the paragraph— are denied.

202.    Denied. By way of further response, the District does not know how or whether Aspira "has reason to believe" what it alleges. The allegations are therefore denied.

203.    Denied as stated. It is admitted only that the hearing officer issued his reports on September 19, 2019.

204.    Denied in part and denied as stated in part. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the letter from counsel speaks for itself. Aspira's characterizations of the letter are denied as stated.

205.    Admitted.

206.    Denied in part and denied as stated in part. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the

averments are deemed factual or to require responses, they are denied. By way of further response, the hearing officer's "decision" is a written document that speaks for itself. Aspira's characterizations of the document are denied as stated.

207.    Denied as stated.  It is admitted that the Board voted to deny the applications for renewal; however, resolutions were issued for each vote.

208.    Denied.

209.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

210.    Admitted.

211.    Admitted.

212.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

213.    Admitted.

214.    Admitted.

215.    Denied as stated. The communications from the CSO are written documents that speak for themselves. Aspira's characterizations of the documents are denied as stated.

216.    Denied. Under applicable law, enrollment caps in existing charters continue, even upon renewal, based upon the prior agreement made between the charter school and the school district, and that cap cannot be amended by the charter school unless the school district agrees.

217.    Denied. The District lacks sufficient knowledge to form a belief as to the truth of the averments set forth in this paragraph. They are therefore denied. It is admitted, however, that Hostos and Pantoja have not returned executed charters to the District.

218.    Denied. In 2018, the CSO issued Renewal Recommendation Reports for Hostos and Pantoja, recommending five-year renewals with conditions.

219.    Denied. The stated term of the charters has ended, but the charters have not expired because they remain in effect by operation of law.

220.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

221.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District lacks sufficient information to form a belief as to the truth of the allegations in this paragraph. The allegations are therefore denied.

222.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District lacks sufficient information to form a belief as to the truth of the allegations in this paragraph. The allegations are therefore denied.

223.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District lacks sufficient information to

form a belief as to the truth of the allegations in this paragraph. The allegations are therefore denied.

224.    Admitted upon information and belief.

225.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District lacks sufficient information to form a belief as to the truth of the allegations in this paragraph. The allegations are therefore denied.

226.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District lacks sufficient information to form a belief as to the truth of the allegations in this paragraph. The allegations are therefore denied.

227.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

228.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District lacks sufficient information to form a belief as to the truth of the allegations in this paragraph. The allegations are therefore denied.

229.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

230.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District lacks sufficient information to form a belief as to the truth of the allegations in this paragraph. The allegations are therefore denied.

231.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District lacks sufficient information to form a belief as to the truth of the allegations in this paragraph. The allegations are therefore denied.

232.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

## Count I

233.    The District hereby incorporates all prior responses as though set forth herein.

234.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

235.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

236.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

237.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

238.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

239.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

240.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

241.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

242.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require

responses, they are denied. By way of further response, no agreement between Aspira and the District was created through course of conduct, course of performance, or otherwise.

243.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

244.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

245.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied. By way of further response, the District lacks sufficient information to form a belief as to the truth of the allegations in this paragraph. The allegations are therefore denied.

WHEREFORE, the District respectfully requests the Court to issue judgment in the District's favor and against Aspira and to award the District costs and any other relief that the Court deems just and proper.

## Count II

246.    The District hereby incorporates all prior responses as though set forth herein.

247.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

248.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

249.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

250.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

251.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

252.    Denied. The District lacks sufficient information to form a belief as to the truth of the allegations in this paragraph. Those allegations are therefore denied.

253.    Denied. The averments of this paragraph, including those in each subpart, constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

254.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

255.    Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

256.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

257.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

258.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual or to require responses, they are denied.

WHEREFORE, the District respectfully requests the Court to issue judgment in the District's favor and against Aspira and to award the District costs and any other relief that the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.     The District followed and complied with the procedures contained in the Pennsylvania Charter School Law and applicable case law in not renewing the charters for Stetson and Olney.

3.     The court does not have jurisdiction to overturn the nonrenewals of the charters issued to Olney or Stetson.  Nor does the court have jurisdiction to order the renewal of the charters issued to Pantoja or Hostos, or require particular terms to exist in those charters.

4.      In deciding whether to renew the charters of Stetson and Olney, the District provided all parties all of the process that was due.

5.      Aspira's breach of contract claim must fail because no enforceable contract exists or existed between Aspira and the District.

6.      There was no binding enforceable contract between Aspira and the District that was created through course of conduct, course of performance, or otherwise.

7.      If a contract ever existed between the District and Aspira as a result of Aspira's Turnaround Team status, the District did not breach the contract.

8.      If a contract ever existed between the District and Aspira as a result of the Stetson charter or the Olney charter, the District did not breach the contract.

9.      If a contract ever existed between the District and Aspira as a result of Aspira's responses to RFPs issued by the District, the District did not breach the contract.

10.     The purported contract is indefinite.

11.     Aspira's claims are barred, in whole or in part, under the doctrine of estoppel.

12.     Aspira has suffered no injury in this matter or less injury than it claims.

13.     Aspira has failed to mitigate its damages.

14.     Aspira has no right to specific performance.

15.     To the extent Aspira incurred any injuries, the injuries were the result of the acts or omissions of others, including but not limited to, Aspira, Stetson, Olney, or their employees, officers, directors, attorneys, or agents, and not the result of the acts or omissions of the District or its employees, officers, directors, SRC Commissioners, or agents.

16.     No unlawful act or omission caused any injury to Aspira.

17.     There is no pendent jurisdiction of the state law breach of contract claim referenced in the Amended Complaint.

18.     Aspira lacks any protected property interest or liberty interest in its status as a Turnaround Team or as a charter management organization.

19.     There is no cause of action for damages under the Pennsylvania Constitution.

20.     There is no Pennsylvania statute that permits a general right to sue and recover damages for a Constitutional violation.

21.     Aspira has an adequate alternate remedy.

22.     Aspira's claims are barred, in whole or in part, by applicable statutes of limitations.

23.     Aspira's claims are barred, in whole or in part, under the doctrine of laches.

24.     Aspira's claims are barred, in whole or in part, by its failure to exhaust its administrative remedies.

25.     Aspira was never precluded from assisting Stetson or Olney in the preparation of their defenses against non-renewal.

26.     Aspira lacks standing to bring its claims.

27.     Aspira claims are barred, in whole or in part, under the doctrine of waiver/estoppel.

Respectfully submitted,

LEVIN LEGAL GROUP, P.C.

_____/s/ *Paul J. Cianci*_____
Allison S. Petersen
Paul J. Cianci
David W. Brown
1800 Byberry Road, Suite 1301
Huntingdon Valley, PA 19006
(215) 938-6378
apetersen@levinlegalgroup.com
pcianci@levinlegalgroup.com
dbrown@levinlegalgroup.com

*Attorneys for Defendant, The School District of Philadelphia*

Dated:  February 5, 2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| ASPIRA, INC. OF PENNSYLVANIA, | : | CIVIL ACTION |
| | : | |
| *Plaintiff*, | : | No. 2:19-CV-04415-JS |
| v. | : | |
| | : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA, | : | |
| | : | |
| *Defendants*. | : | |
| | : | |

## <u>VERIFICATION</u>

I, Peng Chao, Executive Director, Charter Schools Office, School District of Philadelphia, hereby verify, under penalty of perjury, that I reviewed the foregoing Answer to Amended Complaint; that I have authority to execute this Verification; and that the averments of fact in the Answer are true and correct to the best of my knowledge, information, and belief.


                                                /s/ Peng Chao
                                       Peng Chao
                                       Executive Director, Charter Schools Office
                                       The School District of Philadelphia

Dated: February 5, 2020

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the below date I electronically transmitted the foregoing Defendant The

School District of Philadelphia's Answer to the First Amended Complaint to be filed to the Clerk's

Office using the Court's Electronic Case Filing system for filing and transmittal of a Notice of

Electronic Case Filing to all counsel via the ECF, in accordance with Fed. R. Civ. P. 5(b).


LEVIN LEGAL GROUP, P.C.


          /s/ *Paul J. Cianci*
Paul J. Cianci
*Counsel for The School District of*
*Philadelphia*

Dated:  February 5, 2020